UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

Case No.: _____

VILMA M. QUINTANA,          )
                            )
Plaintiff,                  )
                            )
v.                          )
                            )
CITY OF KEY WEST, FLORIDA, a )
municipal corporation,      )
                            )
Defendant.                  )
_____ )

## **COMPLAINT**

The Plaintiff, VILMA QUINTANA ("Ms. Quintana"), sues the Defendant, CITY OF KEY WEST, FLORIDA (the "Defendant") and alleges:

### I.   **JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to 42 U.S.C. § 2000e-5(f) and 28 U.S.C. §§ 1331 and 1343(4). This is an action for retaliation, discrimination and sexual harassment under Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e, *et seq*. and Fla. Stat. § 760.10, *et. seq.*

2. Venue herein is proper under 28 U.S.C.A. § 1391(b). Defendant is a municipal corporation of the State of Florida, doing business therein, and the unlawful employment practice of which Ms. Quintana is complaining was committed in the State of Florida, within this judicial district.

## II.     PARTIES

3.     Ms. Quintana is an individual, a former employee of Defendant, and a resident of the State of Florida.  Ms. Quintana, at all times relevant, was an "employee", as that term is defined by Title VII and applicable Florida law.

4.     Defendant is a political subdivision of the State of Florida, created pursuant to Florida law.  Defendant is a person within the meaning of 42 U.S.C. § 2000e(a), and an employer within the meaning of 42 U.S.C. § 2000e(b) and applicable Florida law.

## III.     PROCEDURAL REQUIREMENTS

5.     Ms. Quintana timely filed three (3) charges of discrimination with the EEOC against Defendant.

6.     On or about May 31, 2012, the U.S. Department of Justice issued a Right to Sue Letter.  The instant action is being filed within 90 days from receipt of the Right to Sue Letter.

7.     All conditions precedent have been satisfied, waived or excused before the filing of this lawsuit.

## GENERAL ALLEGATIONS

8.     Ms. Quintana is a woman.

9.     In April 18, 2006, Ms. Quintana began working with Defendant as a janitor.

10.     During her tenure with Defendant, Ms. Quintana was an exemplary employee, demonstrating a high level of responsibility and compromise with her job.

11.     Since approximately February of 2010, Ms. Quintana's supervisor, JEAN ABELLARD ("Abellard") became obsessed with Ms. Quintana and began to continuously follow her around and to intensively (on a daily basis) look at Ms. Quintana with lust for sex.

12. Ms. Quintana rejected Abellard's advances and asked him to please stop following her around and looking at her with lust. Abellard paid no attention and continued to harass Ms. Quintana.

13. Some time thereafter, Abellard approached Ms. Quintana when she was not looking and grabbed Ms. Quintana's genitalia without Ms. Quintana's consent.

14. Ms. Quintana was shocked by her supervisor's sexually offensive action. She rejected Abellard's sexual advances and demanded that he stop. Abellard walked away.

15. Ms. Quintana complained of Abellard's offensive sexual conduct to her superiors. However, instead of taking corrective action, the Defendant positioned Abellard as Ms. Quintana's direct supervisor. In that position, Abellard continued to sexually harass Ms. Quintana, to unnecessarily follow her around, and to closely look at Ms. Quintana with lust for sex—all on a daily basis.

16. As a result, and realizing that the Defendant had done nothing to correct or stop Abellard's actions, Ms. Quintana filed her first charge of discrimination.

17. On another occasion, Abellard followed Ms. Quintana, without Ms. Quintana's knowledge, into the lady's restrooms. In the lady's restrooms, Ms. Quintana pulled her pants and underwear down and was about to use the toilet. Then, Ms. Quintana realized that Abellard was also in the lady's restroom, spying on her.

18. Ms. Quintana panicked, pulled her pants and underwear as fast as she could and stormed out of the lady's restrooms screaming to Abellard that he should not be in the lady's restrooms and to get out of the way.

19. Thereafter, Ms. Quintana complained about the bathroom incident to her supervisors, John Paul and Mark Tait.

20. However, despite Ms. Quintana's complaint, the Defendant did not take any corrective action and instead continued to leave Abellard in charge as Ms. Quintana's direct supervisor.

21. From then on, Abellard continued to follow Ms. Quintana around and to closely look at her with lust for sex, on a daily basis. As a result, Ms. Quintana had no choice, but to file a second charge of discrimination describing the foregoing.

22. Finally, on or about August 22, 2011, the Defendant fired Ms. Quintana. The Defendant claimed that Ms. Quintana was being fired due to her performance. Ms. Quintana then filed a third charge of discrimination claiming retaliatory discharge.

## COUNT I
### (Title VII Violation and Florida Civil Rights Violation- Sexual Harassment)

23. Ms. Quintana incorporates paragraphs 1 through 22 as alleged herein and further states as follows:

24. Ms. Quintana is a member of a protected group.

25. Ms. Quintana was subject to unwelcome sexual harassment.

26. Ms. Quintana's harassment occurred because of her gender.

27. The harassment was sufficiently severe or pervasive to alter the terms and conditions of her employment.

**WHEREFORE**, Plaintiff, VILMA QUINTANA, respectfully requests that this Court:

(a)  Assume jurisdiction of this cause of action and the parties;

(b)  Issue a judgment declaring and finding that Defendant's actions, practices and procedures as stated above constitute discrimination in violation of Ms. Quintana's rights as

secured by The Civil Rights Act of 1964, as amended and Florida Civil Rights Act, § 760.10, *Fla. Stat. et. seq.*;

  (c) Order Defendant to make Ms. Quintana whole, as she was adversely affected by the activities described of herein, by providing appropriate back pay, front pay, punitive damages and compensatory damages;

  (d) Enter an award and judgment for attorney's fees and costs; and,

  (d) Grant Ms. Quintana such additional relief as may be just and proper to fully return her to the status she would have enjoyed but for the discriminatory animus of Defendant.

## COUNT II
### (Title VII Violation and Florida Civil Rights Violation-Retaliation- Unfavorable Job Assignment)

  28. Ms. Quintana incorporates paragraphs 1 through 22 as alleged herein and further states as follows:

  29. Defendant retaliated against Ms. Quintana when it forced her to continue working below Abellard knowing that Abellard was continuously harassing Ms. Quintana because of her sex.

  **WHEREFORE**, Plaintiff, VILMA QUINTANA, respectfully requests that this Court:

  (a) Assume jurisdiction of this cause of action and the parties;

  (b) Issue a judgment declaring and finding that Defendant's actions, practices and procedures as stated above constitute discrimination in violation of Ms. Quintana's rights as secured by the Civil Rights Act of 1964, as amended and the Florida Civil RightsAct, § 760.10, *Fla. Stat., et seq.;*

(c) Order Defendant to make Ms. Quintana whole, as she was adversely affected by the activities described of herein, by providing appropriate back pay, front pay, punitive damages and compensatory damages;

(d) Enter an award and judgment for attorney's fees and costs, and;

(e) Grant Ms. Quintana such additional relief as may be just and proper to fully return her to the status she would have enjoyed but for the discriminatory animus of the Defendant.

## COUNT III
### (Title VII and Fla. Stat. 760.10 Violation
### Retaliation –Termination of Employment)

30. Ms. Quintana incorporates paragraphs 1 through 22 as alleged herein and further states as follows:

31. The Defendant terminated Ms. Quintana's employment because she opposed discrimination in the workplace and/or because she filed one or more charges of discrimination with the Equal Employment Opportunity Commission.

**WHEREFORE**, Plaintiff, VILMA QUINTANA, respectfully requests that this Court:

(a) Assume jurisdiction of this cause of action and the parties;

(b) Issue a judgment declaring and finding that Defendant's actions, practices and procedures as stated above constitute discrimination in violation of Ms. Quintana's rights as secured by The Civil Rights Act of 1964, as amended and the Florida Civil Rights Act § 760.10, *Fla. Stat. et. seq.;*

(c) Order Defendant to make Ms. Quintana whole, as she was adversely affected by the activities described of herein, by providing appropriate back pay, front pay, punitive damages and compensatory damages;

(d) Enter as award and judgment for attorney's fees and costs, and;

(e) Grant Ms. Quintana such additional relief as may be just and proper to fully return her to the status she would have enjoyed but for the discriminatory animus of the Defendant.

## COUNT IV
### (Title VII Violation and Florida Civil Rights Violation- Retaliation- Failure to Take Action to Remedy Discrimination)

32. Ms. Quintana incorporates paragraphs 1 through 22 as alleged herein and further states as follows:

33. Defendant failed or refused to take appropriate action fully to remedy the effects of the discrimination against Ms. Quintana.

**WHEREFORE**, Plaintiff, VILMA QUINTANA, respectfully requests that this Court:

(a) Assume jurisdiction of this cause of action and the parties;

(b) Issue a judgment declaring and finding that Defendant's actions, practices and procedures as stated above constitute discrimination in violation of Ms. Quintana's rights as secured by the Civil Rights Act of 1964, as amended and the Florida Civil RightsAct, § 760.10, *Fla. Stat., et seq.;*

(c) Order Defendant to make Ms. Quintana whole, as she was adversely affected by the activities described of herein, by providing appropriate back pay, front pay, punitive damages and compensatory damages;

(d) Enter an award and judgment for attorney's fees and costs, and;

(e) Grant Ms. Quintana such additional relief as may be just and proper to fully return her to the status she would have enjoyed but for the discriminatory animus of the Defendant.

## **DEMAND FOR JURY TRIAL**

Ms. Quintana demands a trial by Jury for each issue so triable herein.

Dated: July 27, 2012.

                                    Respectfully submitted,

                                    THE SAENZ LAW FIRM, P.A.
                                    20900 N.E. 30th Avenue, Ste. 800
                                    Aventura, Florida 33180
                                    Tel.  (305) 503-5131
                                    Fax: (888) 270-5549

                                    By: ____s/ R. Martin Saenz_____
                                    R. Martin Saenz, Esq.
                                    Florida Bar Number: 0640166